**Electronically Filed
Supreme Court
SCPW-20-0000509
18-AUG-2020
04:18 PM**

SCPW-20-0000509

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

IN THE MATTER OF INDIVIDUALS IN CUSTODY
OF THE STATE OF HAWAI'I

ORIGINAL PROCEEDING

AMENDED ORDER RE:
FELONY DEFENDANTS[1]
(By: Recktenwald, C.J., Nakayama, and McKenna, JJ.,
and Chief Judge Ginoza, assigned by reason of vacancy,
with Wilson, J., concurring and dissenting[2])

On August 12, 2020, the Office of the Public Defender

("OPD") filed a petition for extraordinary writ pursuant to HRS

§§ 602-4, 602-5(5), and 602-5(6) and/or a writ of mandamus

("Petition"). The Petition seeks, among other things, a

reduction of the inmate populations at the State's correctional

---

[1] This amended order: (1) clarifies that the process set forth in the order is for motions for release and temporary suspension of incarceration; (2) amends Paragraph 1 to include a category of inmates who are awaiting adjudication of motions for revocation or modification of probation or motions to set aside or modify deferral, as well as pretrial inmates who have pled guilty or no-contest and are awaiting sentencing, subject to exceptions; (3) amends Paragraph 2.b. to set a deadline for objections to modification of probation of any eligible inmate; and (4) amends Paragraph 2.d. to set a deadline for disposing of motions for release of eligible defendants in HOPE Probation.

[2] A concurrence and dissent by Wilson, J., is forthcoming.

centers and facilities in an effort to mitigate the harm that the COVID-19 pandemic may inflict upon inmates, the correctional staff, and the people of Hawai'i. In this regard, the Petition seeks the expedited release of certain categories of inmates from the State's correctional centers and facilities, without the filing and hearing of individualized motions for release.

The COVID-19 pandemic has caused a public health emergency. Since July 2020, Hawai'i has seen a surge of COVID-19 cases in Hawai'i, with record numbers of positive cases and increased hospitalizations being reported. Since the Petition was filed, there have been more than one hundred eighty-one inmates and thirty staff members that have tested positive for COVID-19 at the O'ahu Community Correctional Center ("OCCC"), and testing of inmates at OCCC is ongoing. Given the rising number of COVID-19 cases at OCCC and the difficulties with social distancing, there is urgent and immediate concern in reducing the inmate population at OCCC to protect those who work at or are detained at OCCC, their families, and the community.

This court recognizes the impact of COVID-19 on Hawai'i's community correctional centers and facilities -- and the urgency by which suitable yet balanced action is required. The COVID-19 outbreak at OCCC, where appropriate physical distancing is not possible, has the potential to not only place the inmates at risk of death or serious illness, but also

2

endanger the lives and well-being of staff and service providers who work at OCCC, their families, and members of the community at large. Because of the virulent spread of the virus within close quarters, the COVID-19 outbreak at OCCC also has the potential to tax the limited resources of Hawaiʻi's community health care providers.

This court also recognizes, however, public safety and health concerns regarding the release of inmates at OCCC into the community.

Responding to the impact of this crisis in our community correctional centers and facilities requires a careful consideration of interests, both for public health and public safety.

Upon consideration of the submissions and record in SCPW-20-0000509, the arguments presented at the August 14, 2020 hearing, and the surge in COVID-19 positive test results in our community, including at OCCC, and pursuant to this court's authority under Hawaiʻi Revised Statutes ("HRS") §§ 602-5(3) & (6) and § 706-625, Governor David Y. Ige's Emergency Proclamations, and HRS § 601-1.5,

IT IS HEREBY ORDERED that:

1. An expedited process, as set forth in paragraph 2, below, shall be undertaken to address the issues related to

release and temporary suspension of incarceration for the following categories of inmates at OCCC:

    a.   Inmates serving a sentence (not to exceed 18 months) as a condition of felony deferral or probation except for (i) inmates serving a term of imprisonment for a sexual assault conviction or an attempted sexual assault conviction; or (ii) inmates serving a term of imprisonment for any felony offense contained in HRS chapter 707, burglary in the first or second degree (HRS §§ 708-810, 708-811), robbery in the first or second degree (HRS §§ 708-840, 708-841), abuse of family or household members (HRS § 709-906(7)&(8)), or unauthorized entry in a dwelling in the first degree or in the second degree as a class C felony (HRS §§ 708-812.55, 708-812.6(1) & (2)), including attempt to commit these specific offenses (HRS §§ 705-500, 705-501).

    b.   All pretrial detainees charged with a felony, and those inmates who have pled guilty or no-contest and are awaiting sentencing, except those charged with a

4

sexual assault or an attempted sexual assault, any felony offense contained in HRS chapter 707, burglary in the first or second degree (HRS §§ 708-810, 708-811), robbery in the first or second degree (HRS §§ 708-840, 708-841), abuse of family or household members (HRS § 709-906(7)&(8)), or unauthorized entry in a dwelling in the first degree or in the second degree as a class C felony (HRS §§ 708-812.55, 708-812.6(1) & (2)), including attempt to commit these specific offenses (HRS §§ 705-500, 705-501).

c. Inmates charged with a felony and awaiting adjudication of motions for revocation or modification of probation or motions to set aside or modify deferral, except for (i) inmates serving a term of imprisonment for a sexual assault conviction or an attempted sexual assault conviction; or (ii) inmates serving a term of imprisonment for any felony offense contained in HRS chapter 707, burglary in the first or second degree (HRS §§ 708-810, 708-811), robbery in the

5

first or second degree (HRS §§ 708-840, 708-841), abuse of family or household members (HRS § 709-906(7)&(8)), or unauthorized entry in a dwelling in the first degree or in the second degree as a class C felony (HRS §§ 708-812.55, 708-812.6(1) & (2)), including attempt to commit these specific offenses (HRS §§ 705-500, 705-501).

2.  An "eligible inmate" is an inmate or detainee who falls within the categories set forth in Paragraph 1.a., 1.b., and 1.c. above.  Under the expedited process:

a.  Motions for release and temporary suspension of incarceration will be presumed to have been filed for eligible inmates identified in the lists provided by the Department of Public Safety ("DPS") on August 17, 2020.  The OPD or private or court-appointed counsel may file supplemental information regarding any eligible inmate by Tuesday, August 18, 2020, at 4:00 p.m.

b.  Any objection to the release and temporary suspension of incarceration of any eligible inmates shall be filed by Wednesday, August 19, 2020 at 4:00 p.m.  Any objection to modification of probation of any eligible inmates shall be filed by Thursday, August 20, 2020.

6

c. The respective courts should adjudicate these matters on a non-hearing basis but may, in extraordinary circumstances, set an expedited telephonic or video hearing. The courts may deny release of an eligible inmate if release would pose a significant risk to the safety of the inmate or the public. Whether a verified residence for an inmate will be required in a specific case will be left to the discretion of the judge, but alternative means of maintaining contact such as telephone, probation review hearings, or scheduled contacts with probation officers may also be employed. While judges are required to make individualized determinations, judges must not require verified residences for defendants, unless such a condition is supported by specific factual findings in an individual case.

d. Except for eligible inmates for whom expedited telephonic or video hearings are scheduled, as well as those defendants who are in HOPE Probation, the respective circuit or family courts shall enter orders by Monday, August 24, 2020 determining whether each such eligible inmate should be released. For those eligible inmates in HOPE Probation, such orders shall be entered by Wednesday, August 26, 2020.

e. Orders allowing release and temporary suspension of incarceration shall reflect that they are subject to the condition in Paragraph 3 below.

7

3.     Upon entry of the trial court's release order, DPS shall release the inmate only if the inmate has not received a positive COVID-19 test result, does not have pending the result of a test that has been taken, and is not exhibiting COVID-19 symptoms.

4.     When an inmate is released, all conditions of release originally imposed or set forth in any subsequent order, other than in-person reporting, shall remain in full force and effect.  DPS shall inform all inmates, prior to their release, of their continuing obligation to abide by conditions of deferral or probation or pretrial release to promote public safety, and shall further advise them that:

a.     All inmates shall maintain contact with their attorney and appear at all future court hearings.

b.     Any no-contact order shall remain in force.

c.     Any driver's license suspension shall remain in force.

d.     Obligations to report to probation officers in-person shall be converted to telephone or video reporting under further order of the respective court.

e.     Each inmate released under this order is ordered to appear as directed by the presiding judge.  Failure to comply with court orders or to appear as directed may result

8

in further charges, including but not limited to, criminal contempt.

5. In addition, all eligible inmates released pursuant to this order shall comply with the following:

a. Before being released, the inmate shall provide to DPS current contact information, including residential address and/or telephone number, if available.

b. The inmate shall self-isolate for fourteen days and wear a mask when within six feet of others.

c. The inmate shall immediately report the development of COVID-19 symptoms to the Department of Health ("DOH") and shall thereafter follow directives from DOH.

d. The inmate shall comply with any federal, state, or local laws, directives, orders, rules, and regulations regarding conduct during the declared COVID-19 pandemic emergency, including "social distancing" mandates and any proclamations issued by Governor David Y. Ige or the Governor's designee during the COVID-19 emergency, as well as any mandates or proclamations issued by the Mayor of the City and County of Honolulu.

e. The inmate shall further comply with all specific directives provided to them by DOH.

6. Additional individual motions may be filed for later identified eligible inmates. Any objections to such

9

release must be filed within two business days of the filing of the motion. The respective circuit or family courts shall expeditiously address whether each such eligible inmate should be released. Any additional eligible inmates later released shall be subject to all applicable provisions set forth in this order.

7. This order does not preclude any party from taking any other steps as may be deemed appropriate to obtain the release of an inmate during this time of emergency or stay any pending motions seeking the release of inmates. This order also does not affect DPS's authority under the law to release inmates on its own accord.

8. DPS shall provide a list of all inmates released under this order, as well as the contact information provided by those inmates, to the OPD, Prosecuting Attorney Dwight Nadamoto, and the Administrative Director of the Courts no later than the next day following the inmate's release. The list shall include the name of the inmate and the criminal case number(s) for which the inmate has been held.

9. All notices and information required under HRS § 801D-4 shall be provided.

10.	This court reserves its authority to order other measures.

DATED: Honolulu, Hawaiʻi, August 18, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Lisa M. Ginoza

11